UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>  v.<br>JAMES JIMMY EVANS SR.,<br><br>                  Defendant. | Case No. 3:18-cr-00066-HDM-WGC<br><br>ORDER |

    Defendant James Jimmy Evans Sr. has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 102). The government has opposed (ECF No. 107), and Evans has replied (ECF No. 108).

    On August 8, 2018, Evans was charged by way of indictment with three counts of possession with intent to distribute methamphetamine, one count of possession with intent to distribute heroin, one count of possession of a firearm in furtherance of a drug trafficking crime, three counts of possession of a firearm by a prohibited person, and two counts of possession of a stolen firearm. (ECF No. 1). On September 11, 2019, Evans entered into a binding plea agreement in which he agreed to plead guilty to Count One of the indictment, charging possession with intent to distribute at least 500 grams of methamphetamine, and the parties agreed to a sentence of 150 months. (ECF No. 46). On December 17,

1

2019, the court accepted the binding nature of the plea agreement and sentenced Evans to a term of 150 months and five years of supervised release to follow. (ECF Nos. 72 & 74).

Evans, who has served about 25 months of his 150-month sentence, and who has a current projected release date of March 30, 2029,[1] now seeks compassionate release.

**Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

---

[1] *See* https://www.bop.gov/inmateloc/ (last accessed Sept. 14, 2020).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Evans is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even if there are extraordinary and compelling reasons, an inmate may be granted compassionate release only if he is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**Analysis**

Evans argues that there exist extraordinary and compelling reasons for his release because his underlying health conditions put him at an increased risk of COVID-19 complications. Specifically, Mr. Evans is 64 years old and suffers hypertension and obesity. Evans argues that although he has already contracted COVID-19 while incarcerated, he still experiences symptoms and

3

faces a risk of more severe complications if he were to contract COVID-19 again.

The government opposes, arguing first that Evans did not exhaust his institutional remedies before filing the motion. Second, while conceding that Evans is at a greater risk of COVID-19 complications due to his obesity, the government asserts that a reduction of sentence is nevertheless inappropriate when considering, as the court must, the factors under 18 U.S.C. § 3553(a).

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must ask the warden of his institution to file a motion for compassionate release on his behalf and either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier.

Evans' counsel submitted a request for compassionate release on June 3, 2020.[3] (ECF No. 108-1). More than thirty days have elapsed from the warden's receipt of this request. Evans' motion is therefore exhausted.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a

---

[3] Evidence of exhaustion was not attached to the motion but instead was attached to the reply due to a filing error.

4

correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Evans' underlying health conditions put him at a higher risk of COVID-19 complications under Centers for Disease Control and Prevention ("CDC") guidance. In fact, the government concedes that Evans' obesity put him at higher risk of complications. However, Evans has already contracted COVID-19, and his symptoms were so mild as to be classified as asymptomatic. The CDC indicates there is limited information about reinfection with COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last accessed Sept. 14, 2020). Nevertheless, BOP statistics indicate that all or virtually all the inmates that were infected at FCI Lompoc have recovered and that there are just two active infections in the facility. *See* https://www.bop.gov/coronavirus/ (last accessed Sept. 14, 2020) (current data showing no active infections among inmates and two active infections among staff). There is further no evidence to support Evans' argument that a second bout of COVID-19 could be more severe than the first. For this reason, the court is not persuaded that extraordinary and compelling reasons exist for Evans' release. However, even if extraordinary and compelling reasons did exist, reduction of Evans' sentence is not justified in light of the applicable 18 U.S.C. § 3553(a) factors.

5

**C. 18 U.S.C. § 3553(a) Factors**

Both the nature and circumstances of the offense in this case and the history and characteristics of the defendant weigh against shortening Evans' sentence any further. The offense conduct involved both controlled substances and firearms, some of them stolen. Before committing the offense conduct, Evans had a substantial criminal history. Further, a sentence of 150 months, which is significantly below the applicable Guidelines range, is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities. The fact that Evans has served less than a quarter of his sentence weighs heavily against authorizing his release. Accordingly, the court concludes that a reduction in sentence is not appropriate.

**Conclusion**

In accordance with the foregoing, Evans's motion for compassionate release (ECF No. 102) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 14th day of September, 2020.

*Howard D McKibben*
UNITED STATES DISTRICT JUDGE